IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Deborah Videtto Guy Hubbard Sarvis,<br><br>    Petitioner,<br><br>v.<br><br>State of South Carolina,<br><br>    Respondent. | C/A No.: 8:24-cv-5314-SAL<br><br><br>**ORDER** |

  Deborah Videtto Guy Hubbard Sarvis ("Petitioner"), a state prisoner proceeding *pro se*, filed this "petition for writ of mandamus" challenging her current incarceration. The matter is now before the court on the Report and Recommendation (the "Report") of United States Magistrate Judge William S. Brown made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending summary dismissal of the petition. [ECF No. 8.] Petitioner filed objections to the Report. [ECF No. 11.] She has since supplemented the objections, submitted multiple letters, and filed a motion seeking release of funds from her prison account. *See* ECF Nos. 12, 13, 14, 15. This matter is ripe for review. For the reasons that follow, this court adopts the Report and summarily dismisses the action.

## BACKGROUND

  As outlined in the Report, although styled as a petition for a writ of mandamus, this filing is essentially a successive petition under 28 U.S.C. § 2254. *See* ECF No. 8 at 1–6. Petitioner is serving a life sentence without parole ("LWOP") for murder and has previously served a state sentence for armed robbery. The Report chronicles Petitioner's extensive litigation history in this court, including at least three previous § 2254 habeas petitions and numerous actions related to her

conditions of confinement. [ECF No. 8 at 3 n.3.] Due to frivolous and meritless filings, Petitioner is subject to the "three strikes" bar under 28 U.S.C. § 1915(g). *See Hubbard v. Stirling*, 8:21-cv-684-SAL-JDA, ECF Nos. 23, 27. Accordingly, she cannot proceed in forma pauperis and must pay the full filing fee to pursue civil actions. [ECF No. 8 at 4.] Petitioner has not paid the fee, leading the magistrate judge to recommend summary dismissal of this action. *Id.* at 4–5.

Moreover, the magistrate judge observes that Petitioner's "petition" is merely an attempt to challenge her state court conviction and sentence. *Id.* at 6. Mandamus is an improper remedy for this relief, and, if construed as a habeas petition, it is successive and subject to dismissal. *Id.* at 5–6.

Petitioner objects to the Report. *See* ECF Nos. 11, 14. Regarding the filing fee, she indicates that the prison received a stimulus payment on her behalf, and she asks the court to direct the prison to release those funds to cover the filing fee. *See* ECF Nos. 12, 13.

**REVIEW OF A REPORT AND RECOMMENDATION**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is

no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Nevertheless, a party must do more than state, "I object." *Id.*

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow her to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The court adopts the relevant facts and legal standards of law set forth in the Report. Petitioner has neither paid the full filing fee nor demonstrated entitlement to proceed without payment due to the PLRA's three strikes rule, warranting summary dismissal. Furthermore, Petitioner is not entitled to the relief she seeks.

Petitioner advises she has sufficient funds to pay the $450 filing fee, but these remain inaccessible due to prison policies. She requests a court order compelling the prison to release the funds. *See* ECF Nos. 12, 13. She also asks for an in forma pauperis form or to hold the filing fee in abeyance. *See* ECF No. 11 at 10.

Because Petitioner is barred by the three strikes rule and has not paid the filing fee, the court must dismiss the case. The court declines to provide an in forma pauperis form or delay the filing fee. The court also denies the motion to order release of funds, as dismissal is appropriate regardless of fee payment.[1]

The court agrees with the magistrate judge that Petitioner has failed to show extraordinary circumstances justifying mandamus relief. *See* ECF No. 8 at 5–6. This case is essentially a successive § 2254 petition challenging Petitioner's current LWOP sentence. Petitioner's objection that she is challenging "49 years of unlawful imprisonment" rather than her conviction is a distinction without legal difference. [ECF No. 11 at 23.] Without authorization from the Fourth Circuit, this court lacks jurisdiction over a successive § 2254 petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that petitioner's failure to obtain authorization to file a successive petition deprived the district court of jurisdiction to consider the successive petition). There is no indication Petitioner sought or received such authorization.

Much of Petitioner's argument concerns a 1976 armed robbery sentence, which she fully served and is no longer "in custody" for that conviction. And the Supreme Court has made clear that a § 2254 petitioner must, at the time her petition is filed, be "in custody" for that conviction, precluding habeas relief. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("The question presented by this case is whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction

---

[1] A separate reason for not ordering the prison to release the full filing fee is that, despite being styled as a petition for writ of mandamus, Petitioner seeks habeas relief through this action. And the "in forma pauperis filing fee provisions of the PLRA do not apply in habeas corpus actions." *Smith v. Angelone*, 111 F.3d 1126, 131 (4th Cir. 1997). As explained here, if this case is construed as a habeas action, it is not subject to dismissal for failure to pay the filing fee but for other reasons.

will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not.").

Petitioner's objections fail to overcome these dispositive defects and are therefore overruled.

## CONCLUSION

For the foregoing reasons, Petitioner's objections are overruled, and the magistrate judge's report, ECF No. 8, is **ADOPTED** in its entirety, and the petition is **DISMISSED without prejudice**. The court also **DENIES** Petitioner's motion for the court to order release of her funds. [ECF No. 13.]

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED.**

*Sherri A. Lydon*

July 14, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make the required showing.